SUSIE SCHUSTER a/k/a SUSIE SCHUSTER TRANSLATEUR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schuster v. Commissioner
Docket No. 32011-84.
United States Tax Court
T.C. Memo 1986-134; 1986 Tax Ct. Memo LEXIS 475; 51 T.C.M. (CCH) 792; T.C.M. (RIA) 86134; April 3, 1986. *475 Held, the statutory notice of deficiency was mailed to petitioner's last known address. The Commissioner's motion to dismiss for lack of jurisdiction is granted. Jorge Rodriguez-Chomat, for the petitioner. Irene Scott Carroll, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent has moved for the dismissal of this case due to lack of jurisdiction premised upon the ground that the petition was not filed within 90 days of the mailing of the statutory notice of deficiency as required by section 6213(a). [1] Petitioner admits that her petition was filed 454 days after the notice was mailed, but counters that respondent did not send the notice to petitioner's last known address as required by section 6212, and further that the petition was filed within 90 days after petitioner received actual notice of the existence of the statutory notice. The petition, which was filed in this Court on September 10, 1984, recites that "[t]he petitioner is an individual, citizen *477 of the Republic of Colombia, South America, who until on or about June 15, 1982 resided in the United States under a student visa in an apartment in Dade County, Florida owned by her parents." The petition contains no further information as to petitioner's place of residence as of the date on which the petition was filed. The record contains no evidence as to petitioner's whereabouts or place of residence either on the date on which the petition was filed or March 11, 1985, the date on which an evidentiary hearing was conducted by this Court in connection with respondent's motion. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Before the end of 1980, petitioner entered the United States on a student visa. Petitioner attended Miami Dade Community College. She lived at 1925 Brickell Avenue, Apt. D1501, Miami, Florida 33129, from the end of 1980 until sometime in June, 1982. During 1981, Samuel Schuster, petitioner's brother, entered the United States on a student visa and lived at the Brickell Avenue address until after his conviction for currency violations sometime after October 1, 1983. *478 The Brickell Avenue property is a condominium apartment purchased by Jose and Hilda Schuster, the parents of petitioner and Samuel Schuster, in the latter part of 1980. As of the date of the above-mentioned evidentiary hearing the Brickell Avenue condominium continued to be owned by Jose and Hilda Schuster. Petitioner married Eduardo Translateur sometime during the month of June, 1982. On June 24, 1982, petitioner was indicated by a Federal grand jury in Los Angeles, California, which indictment was made public on or about June 30, 1982. On June 30, 1982, the Los Angeles District Director of Internal Revenue terminated petitioner's 1982 income tax year under section 6851 and assessed an income tax in the amount of $1,250,662.40. The "notice of termination assessment of income tax" was mailed to petitioner at the Brickell Avenue address. The taxable period was stated to be January 1, 1982, through June 30, 1982. On September 21, 1982, in response to the notice of termination assessment, a "petition for determination to review the jeopardy (termination) assessment" was filed on behalf of petitioner in the United States District Court for the Southern District of Florida. Raymond *479 J. Takiff (Takiff) was the original attorney of record in that proceeding. Sometime between June 29, 1982, and July 2, 1982, the Brickell Avenue apartment was searched by Federal agents, including one or more Internal Revenue Service special agents and one or more Drug Enforcement Administration agents. One of the items taken during this search was an itinerary prepared for an unnamed person or persons, which itinerary itemizes a trip commencing in Miami on June 19, 1982, and terminating in Miami on August 4 of the same year. Petitioner was arrested in Auckland, New Zealand, on July 2, 1982, [2] because of her indictment in the United States. The aforementioned itinerary reveals that the unnamed person or persons for whom it was prepared was or were scheduled to travel from Melbourne to Auckland on June 30 and to depart from Auckland for Sidney on July 2. *480 Internal Revenue Service personnel became aware of the above-mentioned itinerary and the fact that petitioner was under arrest in Auckland, New Zealand, on or about July 6, 1982. At no time has petitioner filed any United States income tax returns. Following her arrest by New Zealand, petitioner successfully resisted extradition efforts by the United States and was released from jail in Auckland, New Zealand, on November 12, 1982. On or about August 11, 1982, the Internal Revenue Service received a copy of a letter from Takiff addressed to Assistant United States Attorney Robert Perry. The letter proceeds upon the assumption that Takiff was representing "Susie or Sam Schuster" and protests the fact that "various assets in Miami and other places have been 'frozen' by the Internal Revenue Service, predicated in part by their [sic] belief that these accounts are owned by Sam and Susie Schuster and in part because they [sic] believe that these accounts have somehow violated Internal Revenue Service regulations and/or the laws of the United States of America." Takiff further states that "I have been authorized by my client to accept service of any process with respect to these *481 bank accounts and invite that service be made for same either by mail from Los Angeles or from agents based in Miami." The letter also stated that Takiff received an IRS notice of levy against petitioner when "I went to the [Brickell Avenue] apartment, checked the mail, and found a levy addressed to her [petitioner]." A copy of the aforementioned letter from Takiff to Perry came to the attention of Internal Revenue Service personnel in Los Angeles, and respondent's counsel, before the end of September, 1982. The Internal Revenue Service, through a branch of the Jacksonville District Director's office located in Miami, Florida, received a copy of another letter from Takiff, this one dated August 20, 1982, and addressed to "Honorable Peter W. Lindsey, Representative of the District Director of Florida, Department of the Treasury, Internal Revenue Service, in which Takiff states that "Susie Schuster, by and through her undersigned attorney, hereby protests the determination made by the District Director of Florida, Internal Revenue Service, with regard to the taxpayer hereinabove noted and the wrongful levy of various bank accounts, which levy is in the amount of $1,250,662.40. *482 This wrongful levy has resulted in a specific levy on certain bank accounts at the Royal Bank of Canada, the Eagle National Bank, and the Banco de Iberioamerica." The office address of Takiff on both the July 29, 1982, and the August 20, 1982, letters is shown to be "Ponce de Leon Plaza, 201 Alhambra Circle, Suite 511, Coral Gables, Florida 33134." On June 1, 1983, the District Director in Los Angeles wrote to Takiff advising him that a power of attorney, Form 2848, must be in the Internal Revenue Service's files before "we can provide you with any correspondence concerning the examination of the tax liability of Susie Translateur, nee Schuster." A blank copy of the form was sent to Takiff for his convenience. On June 14, 1983, the Los Angeles District Director's office mailed a notice of deficiency to petitioner addressed to her at 1925 Brickell Avenue, Apt. D1501, Miami, Florida 33129. The statutory notice was sent by certified mail and was received on June 17, 1983, by "S. Schuster, 1929 Brickell 1501." The deficiency notice involved petitioner's 1982 Federal income tax liability and determined an income tax deficiency in the amount of $1,253,068.00 and an addition to tax *483 under section 6653(b) in the amount of $626,534.00. Neither the notice of deficiency nor any copy of its was sent to Takiff in any capacity. The Internal Revenue Service was never informed that Takiff was not representing petitioner as her attorney. After November 12, 1982, when petitioner was released from the Auckland jail, the Internal Revenue Service did not know her whereabouts. On June 14, 1983, the date of the mailing of the statutory notice of deficiency, the Internal Revenue Service knew that Takiff was still petitioner's attorney of record in the section 7429 action before the United States District Court for the Southern District of Florida. The petition in this case was filed within 90 days from the filing date of the government's appellate brief in the section 7429 action. The appellate brief contains, in a footnote on page 16, a reference to the statutory notice of deficiency. Petitioner's counsel in this case before this Court alleges that he first became aware of the existence of the deficiency notice when he read the appellate brief. As previously stated, the petition was filed in the Tax Court on September 10, 1984, 454 days after the mailing of the statutory *484 notice of deficiency. It is not entirely clear whether petitioner is arguing that the Court has jurisdiction because the petition was filed within 90 days after petitioner received actual notice of the statutory notice of deficiency or that the Court does not have jurisdiction because the deficiency notice was not mailed to petitioner's last known address as required by section 6212(b)(1). In either case, for reasons hereinafter stated, we find that the deficiency notice was mailed to petitioner's last known address and therefore that the petition was not timely filed. In order to set the scene for the last known address discussion which follows, we deem it advisable to review briefly the context in which the deficiency notice was issued. Respondent represents on brief that the deficiency notice was mailed to petitioner in order to validate the termination assessment made pursuant to section 6851. The rule in the Ninth Circuit as announced in , reversing and remanding on another issue , requires the issuance of a statutory notice pursuant to the provisions of section 6851(b), *485 even though the taxpayer did not file a return for the complete taxable year encompassing the period for which the termination assessment was made. As stated by the district court in a comprehensive opinion by Chief Judge Peckham of the Northern District of California, "[t]he statute thus assumes that the taxpayer will file a tax return. If the taxpayer does not file a return, the statute is ambiguous as to whether the when the [Revenue] Service must send a notice of deficiency." (Emphasis in text.) . In Perlowin v. Sassi, the district court enjoined a termination assessment since the Internal Revenue Service never sent the taxpayer a deficiency notice for the full tax year involved. (The Ninth Circuit remanded so that the District Court could determine whether the taxpayer was irreparably harmed by the seizure of assets and whether the taxpayer had no adequate legal remedy.) Respondent represents that the statutory notice in this case was issued to forestall the possibility of similar action being taken as to the termination assessment against petitioner. The deficiency notice was mailed to petitioner on June 14, 1983, which was 60 days *486 from the due date of petitioner's return for 1982. This meets the requirements of section 6851(b) as interpreted by [3] The mailing date of the deficiency notice was within 60 days of the due date of a return for petitioner's 1982 tax year, but petitioner filed no return. As of June 14, 1983, petitioner had long since been released from the Auckland jail--which event took place on November 12, 1982. This was a fact of which the Internal Revenue Service was well aware. It would therefore have been bootless for *487 the Revenue Service to address the deficiency notice to petitioner at the Auckland jail. On the other hand, the Brickell Avenue apartment, owned by petitioner's parents, was the place where she had resided for a considerable period of time while registered as a student at the Date Community College and the place to which she apparently intended to return if the itinerary which the parties stipulated into evidence is to be believed. It was also the place where on at least one occasion Takiff picked up petitioner's mail. Petitioner argues that if the Auckland jail was not petitioner's last known address then Takiff's office was petitioner's last known address since the government was on notice that Takiff was representing petitioner in the termination assessment proceedings before the United States District Court. However, at no time did petitioner herself notify the Internal Revenue Service that Takiff's office was the address to which she wished to have correspondence addressed, and Takiff never filed a power of attorney executed by petitioner although given an opportunity to do so. Petitioner at no time subsequent to her release from the Auckland jail has revealed her whereabouts *488 either to respondent or to this Court. While it might be argued that respondent could have, in an excess of caution, mailed a copy of the deficiency notice to Takiff, such action was no doubt forestalled by the lack of a properly executed power of attorney. Further prompt acceptance of the deficiency notice, on June 17, 1983, by someone at the Brickell Avenue apartment who signed himself or herself as "S. Schuster" showed that the notice was received in due course. The Internal Revenue Service had every right to assume that the deficiency notice had been delivered, and there was no need to look further for a recipient on petitioner's behalf. Although the Code does not address itself to what constitutes a taxpayer's last known address, we have consistently held that the last known address is the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications. , affd. without published opinion . As we said in Alta *489 Sierra Vista, "[t]he relevant inquiry pertains to the Commissioner's knowledge rather than to what may in fact be the taxpayer's most current address in use. Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address." . As already emphasized, petitioner's course of conduct in this case has been to keep the Commissioner in the dark rather than to enlighten him as to her, petitioner's, last known address. Without question, a taxpayer may notify the Commissioner that a place of incarceration is the address to which the taxpayer wishes correspondence to be sent. See , reversing an unpublished order of this Court dismissing a petition on jurisdictional grounds. Nevertheless, unless respondent is specifically so notified by the taxpayer, there is no requirement that a deficiency notice be sent to a place of temporary sojourn, such as a jail. . In this case, even petitioner admits that the Auckland jail was not her place of residence on June 14, 1983, nor *490 can it be argued that her residence as such in the Auckland jail was expected by her to be anything more than temporary and of an indefinite duration. Furthermore, respondent could not have sent petitioner a deficiency notice while she was in the Auckland jail since the 1982 taxable year had not ended prior to the date of her release. While we have held that the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address, , we think the Commissioner exercised such diligence in this case. Respondent's agent, Evans, who participated in the issuance of the termination assessment and the subsequent deficiency notice, testified that he checked the Internal Revenue Service's computer to determine whether tax returns, including a return for 1982, had been filed by petitioner. Such returns might have disclosed a different address than the Brickell Avenue apartment, but petitioner did not, as previously stated, file any such returns. According to Evans, whose testimony we found credible, the computer merely revealed the Brickell Avenue address to which the notice of termination *491 assessment was sent. Evans also testified that he checked with the special agents who had been involved in a criminal investigation regarding petitioner. Evans testified that "[t]he only thing I could come up with was the same address that we had when the original notice of termination had been sent out, which was an address in Miami Beach." He also testified that this was the Brickell Avenue address. We therefore think respondent has demonstrated due diligence in ascertaining petitioner's last known address. For the foregoing reasons, we hold that respondent has met the requirement of section 6212(b) that a statutory notice be mailed to petitioner's last known address, and that the petition is untimely so as to require the dismissal of this case for lack of jurisdiction. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the time in question.↩
2. The parties stipulated that petitioner was arrested on July 3, 1982. However, in a copy of an appellate brief (allegedly filed in another case) attached by petitioner to her petition in this case, at page 7 it is stated that petitioner was arrested on July 2, 1982, as she was about to board a flight at the Auckland airport. The July 2 date is consistent with the date of scheduled departure from Auckland shown in the itinerary.↩
3. Section 6851(b) provides: (b) NOTICE OF DEFICIENCY.--If an assessment of tax is made under the authority of subsection (a), the Secretary shall mail a notice under section 6212(a) for the taxpayer's full taxable year (determined without regard to any action taken under subsection (a)) with respect to which such assessment was made within 60 days after the later of (i) the due date of the taxpayer's return for such taxable year (determined with regard to any extensions), or (ii) the date such taxpayer files such return. Such deficiency may be in an amount greater or less than the amount assessed under subsection (a).↩